U.S.C. § 922(g)(1). Following a remand for resentencing, both Rodriguez and Camacho were sentenced to 300 months' imprisonment, a sentence we upheld on appeal. *United States v. Hernandez*, 122 F.3d 1058 (2d Cir.1997) (table).

Camacho and Rodriguez sought reduced sentences in the district court based on the 2011 amendments to the Sentencing Guidelines implementing the Fair Sentencing Act of 2010, which "reduced the statutory penalties for cocaine base ('crack cocaine') offenses, eliminated the statutory mandatory minimum sentence for simple possession of crack cocaine, and contained directives to the Commission to review and amend the guidelines to account for specified aggravating and mitigating circumstances in certain drug cases." USSG App. C, Am. 750. The district court found that both Camacho and Rodriguez were eligible for resentencing because the amended Guidelines yielded a reduced sentencing range of 235 to 293 months, but denied their motions Having found Camacho and Rodriguez eligible for resentencing, the district court then declined to exercise its discretion to reduce their sentences. The district court stated that "[a]fter considering the factors set forth in § 3553(a), the Court concludes that reducing the sentence of either defendant would create an unwarranted danger to the public safety."

We review a district court's denial of a motion to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2) for abuse of discretion. *United States v. Borden*, 564 F.3d 100, 104 (2d Cir.2009).

Generally, a court "may not modify a term of imprisonment once it has been imposed." *Dillon v. United States*, 560 U.S. 817, 130 S.Ct. 2683, 2687, 177 L.Ed.2d 271 (2010) (quoting 18 U.S.C. § 3582(c)). Section 3582(c)(2) provides an exception "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." At that point, a district court may " 'reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.' " *Dillon*, 130 S.Ct. at 2687 quoting 18 U.S.C. § 3582(c)(2).

We have considered the arguments made by defendants and conclude that there are no grounds for finding the district court abused its discretion in declining to reduce defendants' sentences. The district court correctly conducted the required analysis. It determined defendants were, indeed, eligible for a reduced sentence, and after considering the Section 3553(a) factors, declined to grant defendants' motion. The district court is not required to lower a sentence under the FSA. It is an option that the district court exercises at its discretion.

Accordingly, the judgment of the district court hereby is AFFIRMED.